UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHARON CHASE, as Administratrix of the
Estate of NICOLE CARMEN,

                              Plaintiffs

- against -

THE COUNTY OF SCHENECTADY,
CORRECTIONAL MEDICAL CARE,
INC., EMRE UMAR, MARIA CARPIO,
DOMINIC D'AGOSTINO, JIM BARRET,
RUSSELL FRICKE, JEAN BRADT,
JOAN KILLEEN, CRYSTAL TRYON,
PATRICIA CRAFT,

                              Defendants.

**ANSWER TO AMENDED COMPLAINT**

Civil Action No.:
14-cv-0474
(DNH/TWD)

*Jury Trial Demanded*

---

Defendants, County of Schenectady, Dominic A. Dagostino and Jim Barrett, by and through their attorneys, Goldberg Segalla, LLP, as and for an Answer to the Amended Complaint, state as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "1" and "2" of the Amended Complaint.

2. Admit that the County of Schenectady conducted a 50-h hearing and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "3" of the Amended Complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "4", "5", "6", "7", "8", "9", "10", "11", "12" and "13" of the Amended Complaint.

4. Admit the allegations contained in paragraphs "14", "15" and "16" of the Amended Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "17", "18", "19", "20", "21" and "22" of the Amended Complaint

6. Deny so much of the allegations in paragraphs "23", "24", "25" and "26" of the Amended Complaint that applies to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraphs "23", "24", "25" and "26" of the Amended Complaint that relates to all other Defendants.

7. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "27" of the Amended Complaint.

8. Deny so much of the allegations in paragraph "28" of the Amended Complaint that applies to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph "28" of the Amended Complaint that relates to all other Defendants.

9. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraphs "29", "30", "31", "32", "33", "34", "35", "36" and "37" of the Amended Complaint.

10. Deny so much of the allegations in paragraphs "38", "39", "40", "41", "42" and "43" of the Amended Complaint that applies to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraphs "38", "39", "40", "41", "42" and "43" of the Amended Complaint as related to all other defendants.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "44" of the Amended Complaint.

12. Deny the allegations contained in paragraph "45" of the Amended Complaint.

13. Deny so much of the allegations in paragraphs "46", "47" and "48" of the Amended Complaint that applies to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraphs "46", "47" and "48" of the Amended Complaint that relates to all other Defendants.

14. Deny the allegations contained in paragraph "49" of the Amended Complaint.

15. Deny so much of the allegation in paragraphs "50" and "51" of the Amended Complaint that applies to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraphs "50" and "51"of the Amended Complaint that relate to all other Defendants.

16. In response to paragraph "52" of the Amended Complaint, answering Defendants repeat, reiterate and reallege each and every allegation, claim, and statement contained in paragraphs "1" through "51" of the Answer herein, with the same force and effect as if fully set forth herein at length.

17. Deny the allegations contained in paragraph "53" of the Amended Complaint as questions of law are for the Court to decide.

18. Deny so much of paragraphs "54", "55" and "56" of the Amended Complaint as related to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs "54", "55" and "56" of the Amended Complaint that relate to all other Defendants.

19. Without conceding any facts or allegations alleged in the Complaint, admit that part of paragraph "57" of the Amended Complaint that answering Defendants and employees of the Schenectady County Sheriff's Department at all times relevant were acting within the scope of their employment, but deny any 42 U.S.C. §1983 violation exists and deny knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations in paragraph "57" of the Amended Complaint that relate to all other Defendants.

20. Deny so much of paragraphs "58" and "59" of the Amended Complaint as related to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraphs "58" and "59" of the Amended Complaint that relate to all other Defendants.

21. In response to paragraph "60" of the Amended Complaint, answering Defendants repeat, reiterate and reallege each and every allegation, claim, and statement contained in paragraphs "1" through "59" of the Answer herein, with the same force and effect as if fully set forth herein at length.

22. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "61" of the Amended Complaint.

23. Deny so much of paragraphs "62", "63", "64", "65", "66", "67" and "68" of the Amended Complaint as related to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraphs "62", "63", "64", "65", "66", "67" and "68" of the Amended Complaint that relate to all other Defendants.

24. In response to paragraph "69" of the Amended Complaint, answering Defendants repeat, reiterate and reallege each and every allegation, claim, and

statement contained in paragraphs "1" through "68" of the Answer herein, with the same force and effect as if fully set forth herein at length.

25. Deny so much of paragraphs "70", "71" and "72" of the Amended Complaint as it relates to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraphs "70", "71" and "72" of the Amended Complaint that relate to all other Defendants.

26. Deny the allegations contained in paragraph "73" of the Amended Complaint.

27. Deny so much of paragraph "74" of the Amended Compliant as it relates to answering Defendants and employees of the Schenectady County Sheriff's Department and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph "74"of the Amended Complaint that relate to all other Defendants.

28. Admit the allegations contained in paragraphs "75" and "76" of the Amended Complaint.

29. Any allegation not specifically addressed above is hereby denied.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

30. Plaintiff's Amended Complaint is barred as Plaintiff was provided proper medical treatment and deliberate indifference does not exist.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

31. Plaintiff's Amended Complaint is barred as she did not suffer from a serious medical condition.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

32. Whatever injuries Plaintiff may have sustained was caused in whole or in part, or were contributed to, by the culpable conduct and/or want of care on the part of the Plaintiff or by someone over whom the answering Defendants have no control.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

33. The claims and causes of action set forth in the Amended Complaint are barred by the applicable statute of limitations.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

34. Plaintiff voluntarily engaged in a dangerous activity and in doing so, assumed the risks attendant to thereto, and those risks were open, obvious and known.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

35. Upon information and belief, Plaintiff's economic loss, if any, as specified in CPLR 4545 was replaced or indemnified in whole or in part, from collateral sources, and the answering Defendants are entitled to have the Court consider the same in determining such damages as provided in CPLR 4545.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

36. If the answering Defendants are liable at all, the answering Defendants' liability is 50 percent or less of the total liability assigned to all persons liable.

37. By reason thereof, the liability of answering Defendants to the Plaintiff for non-economic loss shall not exceed answering Defendants' equitable share of

liability determined in accordance with the relative culpability for each person causing or contributing to the total liability for non-economic loss.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

38. Plaintiff has failed to mitigate her damages.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

39. The injuries, damages and death alleged in Plaintiff's Amended Complaint were proximately caused by an unforeseeable, independent, intervening and/or superseding event(s) beyond the control, and unrelated to any conduct, of answering Defendants. Answering Defendants' actions or omissions, if any, were superseded by the negligence, wrongful and/or criminal conduct of others.

### AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

40. At those times described in the Plaintiff's Complaint, the answering Defendants acted in a reasonable manner, with probable cause, good faith, without malice and their actions were justified.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

41. That at those times mentioned and described in the Plaintiff's Amended Complaint, answering Defendants were governmental officials performing discretional functions and their conduct did not violate clearly established statutory or constitutional rights of which a reasonable man would or should have known and that by reason thereof they were qualifiedly immune from liability in this office.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

42. Plaintiff failed to satisfy conditions precedent to the filing of this action and/or failed to exhaust administrative remedies.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

43. All or part of Plaintiff's Amended Complaint is barred by the Prison Litigation Reform Act (PLRA) as she failed to exhaust her administrative remedy.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

44. If the Plaintiff was injured or damages are alleged, which is not conceded, the injury and/or damage, including any deprivation of her Constitutional rights and privileges was proximately caused by Plaintiff's actions or the actions of a third-party or parties, without fault on the part of the answering Defendants.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

45. Upon information and belief, any award for punitive damages based upon vague and undefined standards of liability would violate the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV, Section 1, and the Due Process Clause of the New York State Constitution, Article 1, Section 6.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

46. Upon information and belief, any award of punitive damages based upon any standard of proof less than "clear and convincing" evidence would violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution, and the Due Process Clause of the New York State Constitution, Article 1, Section 6.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

47. Upon information and belief, any award for punitive damages would be in denial of the answering Defendants' right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and the New York State Constitution, as the absence of adequate and objective standards for the

assessment of punitive damages fails to ensure the equality of treatment between similarly situated civil Defendants and equality of treatment between criminal Defendants and civil Defendants.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

48. Upon information and belief, any award of punitive damages would violate the answering Defendants' Due Process Rights embraced by the Fifth and Fourteenth Amendments to the United States Constitution and the New York Constitution, as a punitive damage award would constitute a deprivation of property without due process of law.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

49. Upon information and belief, Plaintiff is not entitled to recover punitive damages demanded in the Plaintiff's Complaint as the awarding of same would be in violation of the answering Defendants' rights under the Constitution of the United States of America and under the Constitution of New York and, more particular, but not exclusively, in violation of this Defendants' right to substantive and procedural due process.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

50. The Amended Complaint fails to adequately allege a custom, policy or practice of the answering Defendants which caused or contributed to the deprivation of any constitutional right set forth in the Amended Complaint or that these Defendants created any custom, policy or practice.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

51. Upon information and belief, Plaintiff's claims for damages violate the Eighth Amendment's guarantee that excessive fines shall not be imposed.

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

52. That at those times mentioned and described in the Plaintiff's Complaint, the answering Defendants were government officials performing discretionary function and their conduct did not violate clearly established statutory or constitutional rights of which a reasonable man would or should have known or that by reason thereof they were qualified immune from liability in this action.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

53. Plaintiff's demand for the recovery of punitive damages of the individual answering Defendants in their official capacity fail to state a claim or cause of action pursuant to *City of Newport v. Fact Concerts*, 453 U.S. 247 (1981).

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

54. Plaintiff's demand for the recovery of punitive damages from the answering Defendants in their individual capacity fail to allege facts sufficient to state a claim or cause of action.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

55. The conduct of any answering Defendants were undertaken in good faith and without malice, and therefore, is protected under the doctrines of qualified and/or absolute immunity.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

56. The answering Defendants cannot be liable under the theory of *Respondeat Superior.*

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

57. The answering Defendants affirmatively plead that they are not liability to Plaintiff for any attorneys' fees and costs in this action and therefore this relief must be stricken.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

58. Plaintiff's Complaint must be dismissed because the actions complained of by Plaintiff failed as Defendants' alleged actions are privileged and justified.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

59. The Amended Complaint against answering Defendants fails due to lack of direct involvement, no failure to remedy exists, no creation or continuation of a policy exists, no gross negligence exists, and no deliberate indifference exists.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

60. The Prison Litigation Reform Act §1997e limits any attorney's fees owed to Plaintiff and requires payment of whole or part of that fee from any judgment.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

61. The Amended Complaint is without merit and should be dismissed as no Monell claim exists as no unconstitutional policy exists, no official action by a

policy making official exists, no custom or practice/policy exists, no failure to train exists, and no deliberate indifference exists.

### AS AND FOR A FIRST CROSS CLAIM AGAINST DEFENDANTS, CORRECTIONAL MEDICAL CARE, INC., EMRE UMAR, MARIA CARPIO, RUSSELL FRICKE, JEAN BRADT, JOAN KILLEEN, CRYSTAL TRYON and PATRICIA CRAFT

62. That if Plaintiff's injuries or damages were the result of any negligence by answering Defendants, then answering Defendants' negligence was lesser than or secondary to the active, direct and primary negligence of Defendants, Correctional Medical Care, Inc., Emre Umar, Maria Carpio, Russell Fricke, Jean Bradt, Joan Killeen, Crystal Tryon and Patricia Craft. Answering Defendants are entitled to judgment of full or partial indemnification and contribution from Defendants, Correctional Medical Care, Inc., Emre Umar, Maria Carpio, Russell Fricke, Jean Bradt, Joan Killeen, Crystal Tryon and Patricia Craft, along with recovery of all costs, disbursements and attorneys' fees.

### AS AND FOR A SECOND CROSS CLAIM AGAINST DEFENDANTS, CORRECTIONAL MEDICAL CARE, INC.

63. That Correctional Medical Care, Inc.("CMC") entered into a Health Services Agreement with the County of Schenectady. That pursuant to that agreement, CMC agreed to supply professional liability, general liability and personal injury insurance that named Schenectady County and its employees and the Sheriff and his employees as additional insureds on said policy. The policy amounts are to be one million dollars per occurrence and three million dollars aggregate. CMC breached this agreement by failing to procure insurance that fully covered answering Defendants for any and all claims made by Plaintiff.

64. That if Plaintiff recovers any Judgment against the answering

Defendants, such recovery will be brought and caused by reason of the breach of the agreement and CMC will be obligated to indemnify and hold harmless the answering Defendants of such Judgment along with costs, disbursements and attorney's fees.

### AS AND FOR A THIRD CROSS CLAIM AGAINST DEFENDANT, CORRECTIONAL MEDICAL CARE, INC. and EMRE UMAR

65. That in the event that answering Defendants are found liable to Plaintiff, this liability would be statutory, passive or vicarious, and in any event, answering Defendants would be entitled to common-law and contractual indemnity and/or contribution from CMC, Inc. and Emre Umar by reason of the Health Services Agreement entered into between the County of Schenectady and CMC, Inc., and the common-law rights of indemnity under the circumstances alleged in the Complaint.

66. That pursuant to the terms of the Health Services Agreement, CMC, Inc. agreed to indemnify answering Defendants. The Agreement states as follows:

> **10.3 Hold Harmless Clause**. CMC agrees to indemnify, hold harmless and defend the County, its agents and its employees from and against all claims, damages, losses and expenses (including without limitations, reasonable attorney's fees) arising out of, or in consequence of, any negligent or intentional act or omission of CMC, its employees or agents, to the extent of its or their responsibility for such claims, damages, losses and expenses, it being the express understanding of the parties hereto that CMC shall provide the actual health care services, and have complete responsibility for the health care services.

WHEREFORE, answering Defendants demand judgment dismissing the Amended Complaint of the Plaintiffs herein with prejudice and on the merits and indemnification and/or contribution and a defense from Co-Defendants Correctional Medical Care, Inc., Emre Umar, Maria Carpio, Russell Fricke, Jean Bradt, Joan Killeen,

Crystal Tryon and Patricia Craft, together with costs, disbursements and attorneys fees of this action.

DATED: Albany, New York
January 13, 2015

GOLDBERG SEGALLA, LLP

By _____
Jonathan M. Bernstein
Bar Roll No. 512457
*Attorneys for Defendants*
*County of Schenectady, Dominic A.*
*Dagostino and Jim Barrett*
8 Southwoods Boulevard
Suite 300
Albany, New York 12211
(518) 463-5400

TO: Elmer Robert Keach, III, Esq.
Maria K. Dyson, Esq.
Law Offices of Elmer Robert Keach, III, P.C.
*Attorneys for Plaintiffs*
One Pine West Plaza, Suite 109
Albany, New York 12205

Daniel R. Ryan, Esq.
Bar Roll No: 513902
Smith, Sovik, Kendrick & Sugnet, PC
*Attorneys for Defendants, Correctional Medical Care, Inc., Emre Umar*
  *Maria Carpio, Russell Fricke, Jean Bradt, Joan Killeen, Crystal Tryon and*
  *Patricia Craft*
250 South Clinton Street, Ste. 600
Syracuse, NY 13202

3388157