UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

SHARON CHASE, as Administratrix of the
Estate of NICOLE CARMEN,

                Plaintiff,

vs.

THE COUNTY OF SCHENECTADY,
CORRECTIONAL MEDICAL CARE, INC.,
EMRE UMAR, MARIA CARPIO, DOMINIC
D'AGOSTINO, JIM BARRET, RUSSELL
FRICKE, JEAN BRADT, JOAN KILLEEN,
CHRYSTAL TRYON, PATRICIA CRAFT,

                Defendants.

**DEFENDANT MARIA CARPIO'S ANSWER TO AMENDED COMPLAINT**

Civil Action No.: 1:14-CV-0474
(DNH/TWD)

---

Defendants, MARIA CARPIO by and through her attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., hereby answer plaintiff's Amended Complaint as follows:

1. Paragraph "1" of plaintiff's Amended Complaint contains plaintiff's characterizations of her claims. No response is required. To the extent a response is required, defendant **ADMITS** that plaintiff purports to seek damages for alleged violations of rights.

2. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of plaintiff's Amended Complaint.

3. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of plaintiff's Amended Complaint.

4. **ADMITS** the allegations contained in paragraph "4" of plaintiff's Amended Complaint.

{S0184954.1}

5. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of plaintiff's Amended Complaint.

6. **ADMITS** the allegations contained in paragraph "6" of plaintiff's Amended Complaint.

7. **ADMITS** the allegations contained in paragraph "7" of plaintiff's Amended Complaint.

8. **ADMITS** the allegations contained in paragraph "8" of plaintiff's Amended Complaint.

9. **ADMITS** the allegations contained in paragraph "9" of plaintiff's Amended Complaint.

10. **ADMITS** the allegations contained in paragraph "10" of plaintiff's Amended Complaint.

11. **DENIES** the allegations contained in paragraph "11" of plaintiff's Amended Complaint.

12. **ADMITS** the allegations contained in paragraph "12" of plaintiff's Amended Complaint.

13. **ADMITS** the allegations contained in paragraph "13" of plaintiff's Amended Complaint.

14. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of plaintiff's Amended Complaint.

15. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of plaintiff's Amended Complaint.

16. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of plaintiff's Amended Complaint.

17. In response to the allegations contained in paragraph "17" of plaintiff's Amended Complaint, defendant **ADMITS** that plaintiff was admitted to the Schenectady County Jail in April, 2013, but **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations concerning the reason for her admission.

18. **ADMITS** the allegations contained in paragraph "18" of plaintiff's Amended Complaint.

19. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of plaintiff's Amended Complaint.

20. In response to the allegations contained in paragraph "20" of plaintiff's Amended Complaint, defendant **ADMITS** that protocols were in place at the time for inmates reporting recent drug use. Defendant **DENIES** that said protocols required 1:1 supervision. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations pertaining to the obligations of corrections officers.

21. In response to the allegations contained in paragraph "21" of plaintiff's Amended Complaint, defendant **DENIES** that said protocols require medical assessments of inmates three times a day. Defendant **ADMITS** that certain medications are made available to inmates to help alleviate withdrawal symptoms. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the remainder of plaintiff's allegations in paragraph "21" of plaintiff's Amended Complaint.

22. **DENIES** the allegations contained in paragraph "22" of plaintiff's Amended Complaint.

23. **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of plaintiff's Amended Complaint.

24. In response to the allegations contained in paragraph "24" of plaintiff's Amended Complaint, defendant **DENIES** that plaintiff's condition "drastically worsened." Defendant **ADMITS** that plaintiff was evaluated and observed during her entire admission to the facility. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the remainder of plaintiff's allegations in paragraph "24" of plaintiff's Amended Complaint.

25. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of plaintiff's Amended Complaint.

26. **DENIES** the allegations contained in paragraph "26" of plaintiff's Amended Complaint.

27. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "27" of plaintiff's Amended Complaint.

28. **DENIES** the allegations contained in paragraph "28" of plaintiff's Amended Complaint.

29. In response to the allegations contained in paragraph "29" of plaintiff's Amended Complaint, defendant **DENIES** the allegations insofar as they pertain to the answering defendant. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the remainder of plaintiff's allegations in paragraph "29" of plaintiff's Amended Complaint.

30. In response to the allegations contained in paragraph "30" of plaintiff's Amended Complaint, defendant **DENIES** the allegations insofar as they pertain to the answering defendant. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the remainder of plaintiff's allegations in paragraph "30" of plaintiff's Amended Complaint.

31. In response to the allegations contained in paragraph "31" of plaintiff's Amended Complaint, defendant **DENIES** the allegations insofar as they pertain to the answering defendant. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the remainder of plaintiff's allegations in paragraph "31" of plaintiff's Amended Complaint.

32. In response to the allegations contained in paragraph "32" of plaintiff's Amended Complaint, defendant **DENIES** the allegations insofar as they pertain to the answering defendant. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the remainder of plaintiff's allegations in paragraph "32" of plaintiff's Amended Complaint.

33. In response to the allegations contained in paragraph "33" of plaintiff's Amended Complaint, defendant **DENIES** the allegations insofar as they pertain to the answering defendant. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the remainder of plaintiff's allegations in paragraph "33" of plaintiff's Amended Complaint.

34. In response to paragraph "34" of plaintiff's Amended Complaint, defendant **ADMITS** that plaintiff was observed, assessed and treated during her entire admission at the

facility. Defendant **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the remainder of the allegations contained in paragraph "34" of plaintiff's Amended Complaint.

35. In response to paragraph "35" of plaintiff's Amended Complaint, defendant **ADMITS** that plaintiff was observed, assessed and treated during her entire admission at the facility. Defendant **DENIES KNOWLEDGE AND INFORMATION** sufficient to form a belief as to the remainder of the allegations contained in paragraph "35" of plaintiff's Amended Complaint.

36. In response to the allegations contained in paragraph "36" of plaintiff's Amended Complaint, defendant **ADMITS** that decedent was transferred out of the facility and ultimately expired. Defendant **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the remainder of plaintiff's allegations in paragraph "36" of plaintiff's Amended Complaint.

37. **DENIES KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of plaintiff's Amended Complaint.

38. In response to the allegations contained in paragraph "38" of plaintiff's Amended Complaint, defendant **DENIES** that defendants have any such policies as alleged by plaintiff. The remaining allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required.

39. The allegations contained in paragraph "39" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's

Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

40. The allegations contained in paragraph "40" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

41. The allegations contained in paragraph "41" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

42. The allegations contained in paragraph "42" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

43. The allegations contained in paragraph "43" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

44. The allegations contained in paragraph "44" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

45. The allegations contained in paragraph "45" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

46. The allegations contained in paragraph "46" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

47. The allegations contained in paragraph "47" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

48. **DENIES** the allegations contained in paragraph "48" of plaintiff's Amended Complaint.

49. The allegations contained in paragraph "49" of plaintiff's Amended Complaint allegations are palpably improper and irrelevant and have no basis for inclusion in plaintiff's Amended Complaint. No response is required. To the extent plaintiff infers defendant was negligent in this case, defendant **DENIES** such allegation or inference.

50. **DENIES** the allegations contained in paragraph "50" of plaintiff's Amended Complaint.

51. **DENIES** the allegations contained in paragraph "51" of plaintiff's Amended Complaint.

52. **REPEAT and REALLEGE** the admissions and denials as set forth hereinabove contained in paragraphs "1" through "51" of plaintiff's Amended Complaint.

53. The allegations contained in paragraph "53" of plaintiff's Amended Complaint contain plaintiff's interpretation of constitutional law. No response is required.

54. **DENIES** the allegations contained in paragraph "54" of plaintiff's Amended Complaint.

55. **DENIES** the allegations contained in paragraph "55" of plaintiff's Amended Complaint.

56. **DENIES** the allegations contained in paragraph "56" of plaintiff's Amended Complaint.

57. **DENIES** the allegations contained in paragraph "57" of plaintiff's Amended Complaint insofar as they pertain to the answering defendant.

58. **DENIES** the allegations contained in paragraph "58" of plaintiff's Amended Complaint.

59. **DENIES** the allegations contained in paragraph "59" of plaintiff's Amended Complaint insofar as they pertain to the answering defendant.

60. **REPEAT and REALLEGE** the admissions and denials as set forth hereinabove contained in paragraphs "1" through "59" of plaintiff's Amended Complaint.

61. **DENIES** the allegations contained in paragraph "61" of plaintiff's Amended Complaint insofar as they pertain to the answering defendant.

62. **DENIES** the allegations contained in paragraph "62" of plaintiff's Amended Complaint insofar as they pertain to the answering defendant.

63. **DENIES** the allegations contained in paragraph "63" of plaintiff's Amended Complaint.

64. The allegations contained in paragraph "64" of plaintiff's Amended Complaint contain conclusions of law. No response is required. Defendant respectfully refer all questions of law to the Court. To the extent plaintiff alleges defendant violated the decedent's civil rights, defendant **DENIES** such allegation.

65. **DENIES** the allegations contained in paragraph "65" of plaintiff's Amended Complaint.

66. **DENIES** the allegations contained in paragraph "66" of plaintiff's Amended Complaint.

67. **DENIES** the allegations contained in paragraph "67" of plaintiff's Amended Complaint.

68. **DENIES** the allegations contained in paragraph "68" of plaintiff's Amended Complaint.

69. **REPEAT and REALLEGE** the admissions and denials as set forth hereinabove contained in paragraphs "1" through "68" of plaintiff's Amended Complaint.

70. **DENIES** the allegations contained in paragraph "70" of plaintiff's Amended Complaint insofar as they pertain to the answering defendant.

71. **DENIES** the allegations contained in paragraph "71" of plaintiff's Amended Complaint.

72. **DENIES** the allegations contained in paragraph "72" of plaintiff's Amended Complaint insofar as they pertain to the answering defendant.

73. **DENIES** the allegations contained in paragraph "73" of plaintiff's Amended Complaint.

74. **DENIES** the allegations contained in paragraph "74" of plaintiff's Amended Complaint.

75. **ADMITS** the allegations contained in paragraph "75" of plaintiff's Amended Complaint.

76. **ADMITS** the allegations contained in paragraph "76" of plaintiff's Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

77. That whatever damages may have been sustained at the time and place alleged in the complaint by plaintiff were caused, in whole or in part, by the culpable conduct of the plaintiff and/or decedent and must be reduced proportionally to the culpable conduct of the plaintiff/decedent.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

78. That the equitable share of liability, if any, of the parties, shall be determined pursuant to the provisions of Articles 14 and 16 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

79. Pursuant to Section 15-108 of the General Obligations Law, in the event this Court finds the answering defendant liable, in whole or in part, to the plaintiff, and in the event the plaintiff has released or recovered against some other party for any damages resulting from the incident which is the subject of this Amended Complaint, the plaintiff's recovery from the answering defendant should be diminished in the proportion that the culpable conduct attributed

to others bears to the culpable conduct which caused the alleged injuries or damages, or in the amount of the prior settlement or verdict, whichever is greater.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

80. That one or more causes of action in the Amended Complaint fail to state a cause of action upon which relief may be granted.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

81. That plaintiff has not met the conditions precedent to the commencement of this action as required by law.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

82. Plaintiff has failed to mitigate her alleged damages claimed herein.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

83. The amount of alleged damages claimed by plaintiff should be reduced pursuant to CPLR §4545 to the extent of any collateral source benefits, remuneration or compensation received.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

84. The decedent sustained the injuries or damages alleged, then said injuries and damages are proximately caused by persons and/or entities not connected with the defendants, and for whom this defendant bear no legal responsibility.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

85. If the decedent sustained the injuries and damages as alleged, then said injuries and damages resulted from the plaintiff's knowing and voluntary assumption of the risk.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

86. That the Amended Complaint does not set forth a basis for punitive damages.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

87. That any claims for punitive damages contained in the Amended Complaint fail to state a claim upon which relief may be granted, violate various provisions of the Constitution of the United States and the State of New York, and violate various statutory proscriptions thereof.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

88. No act or omission of the answering defendant was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award or punitive damages is barred.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

89. That defendant denies that it is liable in any way to plaintiff under any legal theory because of the doctrine of immunity, whether qualified, sovereign, statutory or otherwise.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

90. That plaintiff is not entitled to recover damages in this action under 42 U.S.C. §1983.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

91. That this defendant reserves the right to amend her answer and/or affirmative defenses that may be determined applicable in the future by discovery in this matter.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

92. The answering defendant's actions were taken in good faith and pursuant to constitutional and statutory authority. Accordingly, the answering defendant has committed no

wrongful act of any nature resulting in a violation of plaintiff's federal or state constitutional rights.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

93. That no policy, statement, ordinance, regulation or decision officially adopted and/or formulated by defendants or otherwise ratified by defendants authorized a deprivation of plaintiff's constitutional rights.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

94. Answering defendant alleges that in treating the plaintiff, the medical providers at the Facility exercised their best medical judgment.

### JURY DEMAND

95. Demand is made for a jury trial on all issues.

**WHEREFORE,** defendant, MARIA CARPIO, demands judgment dismissing the Amended Complaint herein, together with the costs and disbursements of this action.

Dated: February 18, 2015        **SMITH, SOVIK, KENDRICK & SUGNET, P.C.**

_____
Daniel R. Ryan, Esq.
(Bar Roll No.: 513902)
*Attorneys for Defendant Maria Carpio*
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Telephone: (315) 474-2911

TO: Elmer Robert Keach, III, Esq.
LAW OFFICES OF ELMER ROBERT KEACH, III, P.C.
*Attorneys for Plaintiff*
One Pine West Plaza, Suite 109
Albany, New York 12205
Telephone: (518) 434-1718

CC: Jonathan M. Berstein, Esq.
GOLDBERG SEGALLA, LLP
*Attorneys for Defendants, County of Schenectady*
*Dominic A. D'Agostino and Jim Barrett*
8 Southwoods Boulevard, Suite 300
Albany, New York 12211
Telephone: (518) 463-5400