UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
SHARON CHASE, as Administratix of
the Estate of Nicole Carmen,


                                            Plaintiff,

        -v-                                                    1:14-CV-0474
                                                               (DNH/TWD)
CORRECTIONAL MEDICAL CARE, INC.,
THE COUNTY OF SCHENECTADY, EMRE
UMAR, MARIA CARPIO, DOMINIC D'AGOSTINO,
JIM BARRETT, RUSSELL FRICKE, JEAN BRADT,
JOAN KILLEEN, CRYSTAL TRYON, PATRICIA
CRAFT,

                                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
APPEARANCES:                                  OF COUNSEL:

LAW OFFICE OF ELMER KEACH, III                ELMER R. KEACH, III, ESQ.
Attorneys for Plaintiff
One Pine West Plaza - Suite 109
Albany, NY 12205

SMITH SOVIK LAW FIRM                          DANIEL R. RYAN, ESQ.
Attorneys for Defendants Correctional Medical
Care, Inc., Emre Umar, Maria Carpio, Jean Bradt,
Joan Killeen, Crystal Tryon and Patricia Craft
250 South Clinton Street, Suite 600
Syracuse, NY 13202

GOLDBERG, SEGALLA LAW FIRM                    JONATHAN BERNSTEIN, ESQ.
Attorneys for Defendant County of Schenectady,
Dominic D'Agostino and Jim Barrett
8 Southwoods Boulevard
Albany, NY 12211

THUILLEZ, FORD LAW FIRM                       MOLLY C. CASEY, ESQ.
Attorneys for Defendant Russell Fricke
20 Corporate Woods Boulevard, 3rd Floor
Albany, New York 12211

DAVID N. HURD
United States District Judge

## DECISION and ORDER

On April 23, 3014, plaintiff Sharon Chase filed a complaint as Administratix of the Estate of Nicole Carmen against the defendants alleging violations of 42 U.S.C. § 1983. Presently under consideration is plaintiff's Motion For Court Approval of Wrongful Death Settlement.  Defendants have each submitted an affidavit or affirmation in partial support of plaintiff's motion.   Pursuant to New York State Estates, Powers & Trusts Law § 5-4.6 and New York State Surrogates Court Procedure Act § 2204, such wrongful death settlement must be approved by this Court.

The Court has reviewed plaintiff's motion and has no objection to the terms and conditions of the settlement but for one fact, the parties desire to have the order approving the settlement and all supporting documents placed under seal.  Both plaintiff's motion and its supporting documents and the affidavits and affirmations of defendants' attorneys were submitted directly to chambers indicating that such documents were under seal.  However, pursuant to New York Northern District Local Rule of Practice 83.13, a party wishing to submit a matter under seal must submit an application setting forth the reasons why the document should be sealed as well as a proposed sealing order to be approved by the Court.  No party submitted such an application.

At oral argument on December 18, 2015, the parties expressed a desire to proceed with plaintiff's motion with a sealing order.  By letter dated December 22, 2015, defendant Correctional Medical Care, Inc. ("Correctional Medical") stated it wished to move forward with the settlement regardless of whether the matter was sealed.  Having reviewed the motion and the related submissions, there is no good cause to seal this order, plaintiff's motion and

defendants' responses.  Therefore, the Clerk of the Court will be directed to electronically file all documents.

Under the common law right to access, a presumption of public access attaches to any "judicial document," defined as a document "relevant to the performance of the judicial function and useful in the judicial process."  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006).  "If the presumption applies, a court must first determine "[t]he weight to be given the presumption" based on "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  Id.  It must then weigh the presumption against any countervailing interests, such as "the privacy interests of those resisting disclosure," "judicial efficiency," and "the danger of impairing law enforcement".  Id.

"Once a settlement is filed in district court, it becomes a judicial record.  The presumption in favor of the public's common law right of access to court records therefore applies to settlement agreements that are filed and submitted to the district court for approval."  Gambale v. Deutsche Bank AG, 377 F.3d 133, 143 (2d Cir. 2004).  "A business's general interest in keeping its legal proceedings private does not overcome the presumption of openness . . . ."  Stalnaker v. Novar Corp., 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003).

At the time of the alleged wrongful conduct, plaintiff was being held in a public facility, the Schenectady County Jail.  Correctional Medical was a subcontractor of a public entity, the defendant County of Schenectady, and was providing medical services to individuals being held at the public facility.  The allegations of wrongdoing against the defendants are very significant and the settlement proposed is substantial.  Additionally, as the complaint notes, there have been numerous prior allegations against Correctional Medical concerning similar wrongdoing.

Further, in September 2014, Correctional Medical reached an agreement with the New York State Attorney General concerning allegations of understaffing public facilities and shifting work hours to less qualified staff.

For all these reasons, there is a strong public interest in this settlement not being under seal.  First, the public has an interest in knowing the contents of materials upon which a court makes a decision, including a determination of whether to approve a settlement.  Second, while Correctional Medical is a private corporation, given that its services are being provided to a public entity for individuals being held at a public facility (a jail), there is a significant public interest favoring access to the settlement information.  Third, such interest is only enhanced by the history of allegations leveled against defendant Correctional Medical and its ongoing business relationships with various public entities, including the defendant County of Schenectady.  As a result, sealing the settlement documents and this Decision and Order is completely inappropriate.

Accordingly, it is ORDERED:

(1) plaintiff's motion for court approval of wrongful death settlement is **GRANTED**;

(2) Sharon Chase, as Administratrix of the estate of Nicole Carmen, is authorized to accept the sum of Four Hundred Twenty Five Thousand Dollars ($425,000.00) in full settlement for personal injuries sustained by decedent Sharon Chase in this action.  The Administratrix is further authorized to execute and deliver to the defendants a release for all claims asserted, or that could have been asserted in this litigation;

(3) the application of the plaintiff's attorney for attorney's fees and expenses is **GRANTED**.  Plaintiff's attorney is awarded $9,197.38 as reimbursement for litigation expenses, and $138,462.27 in attorney's fees, pursuant to the terms of the Estate's retainer with plaintiff's attorney.  Plaintiff's attorney shall not seek any further attorneys' fees for work concluding the

administration of decedent Nicole Carmen's estate.  If additional legal representation is required in the Schenectady County Surrogate's Court other than plaintiff's attorney, it shall be addressed and approved by the Schenectady County Surrogate's Court as an expense of the Estate;

(4) the remaining share of the settlement, $277,340.35, shall be paid to the Estate of Nicole Carmen, the distribution of which is referred to the Schenectady County Surrogate's Court for disposition;

(5) the entirety of the settlement proceeds of $425,000.00 shall be paid to the plaintiff's counsel within thirty (30) days of the approval by the Schenectady County Surrogate's Court of the distribution of the estate, and the approval of any structured settlement payments, absent further order of this Court on notice to all parties.  Any payments to be made from the Estate besides the payment of attorney's fees and expenses shall be approved by the Schenectady County Surrogate's Court;

(6) the request of the parties for a Confidential Agreement and the sealing of all documents is **DENIED**;

(7) the Clerk of the Court is directed to electronically file plaintiff's motion, its supporting documents, the Affirmation of Daniel R. Ryan, Esq., the Affidavit of Jonathan M. Bernstein, Esq. and the Affidavit of Molly C. Casey, Esq.; and

(8) jurisdiction is retained over this matter to enforce the terms of the settlement agreement.

IT IS SO ORDERED.

Dated: December 22, 2015
       Utica, New York

_____
United States District Judge

- 5 -